UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC VON RENEGAR, | Case No. 17-CV-04961 LHK (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| DONALD ARTHER ANDERSON, et al., | |
| Defendants. | |

Plaintiff, a California prisoner proceeding *pro se*, has filed a civil rights complaint, pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. In the complaint, plaintiff raises claims of unlawful arrest, false imprisonment, prosecutorial misconduct, and malicious prosecution. For the reasons stated below, the court DISMISSES the complaint without prejudice.

**DISCUSSION**

A.  Standard of review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.

1  § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims
2  that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek
3  monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),
4  (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police
5  Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   Legal claims

In the complaint, plaintiff names as defendants: Robert Marcus Turner, an individual with whom plaintiff was involved in a traffic accident; Lake County Deputy Sheriff Emil Devincenzi; Lake County Deputy District Attorneys Megan Dale van Steenburgh Lankford and Susan Janine Krones; and Lake County District Attorney Arther Anderson.

According to the complaint, on March 12, 2014, plaintiff and Turner got into a car accident. Officer Devincenzi spoke with Turner, and arrested plaintiff for assault with a deadly weapon. On March 14, 2014, Anderson and Lankford charged plaintiff with assault with a deadly weapon. On October 17, 2014, Krones dismissed all the charges against plaintiff. Krones then re-filed the same charges, and added felony hit and run with injury. On January 15, 2015, after a jury trial, plaintiff was found not guilty of assault with a deadly weapon, but guilty of felony hit and run with injury. On April 21, 2015, plaintiff was sentenced to a term of six years. On April 27, 2015, plaintiff filed a notice of appeal in the California Court of Appeal that is currently pending.

Plaintiff has filed the underlying civil rights case alleging that he was unlawfully arrested for assault with a deadly weapon, falsely imprisoned on the charge of assault with a deadly weapon, the prosecutors committed misconduct by withholding discovery, and the prosecutors

Case No. 17-CV-04961 LHK (PR)
ORDER OF DISMISSAL

2

maliciously prosecuted plaintiff. Plaintiff seeks money damages.

With respect to plaintiff's claims of unlawful arrest, false imprisonment, and prosecutorial misconduct, the court finds that they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the U.S. Supreme Court considered the question of "whether a state prisoner may challenge the constitutionality of his conviction in a suit for damages under 42 U.S.C. § 1983." 512 U.S. at 478. Petitioner Roy Heck had been convicted of voluntary manslaughter and was serving a 15-year sentence when he filed a Section 1983 action in federal court seeking monetary damages for constitutional violations in his arrest and prosecution. *Id.* at 478-79. In a previous decision, the U.S. Supreme Court had held that a habeas corpus proceeding is the exclusive remedy for a state prisoner who seeks to challenge the fact or duration of his confinement and seeks immediate or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Although the constitutional violations alleged by Mr. Heck directly implicated the legality of his confinement, he sought only monetary damages and did not ask for release or a reduced sentence. *Heck*, 512 U.S. at 479, 481.

Thus, the U.S. Supreme Court was faced with the question of whether a state prisoner's claim for damages is cognizable under Section 1983 when the prisoner does not seek release, but "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction." *Id.* at 481-82. The U.S. Supreme Court concluded that such claims are not cognizable under Section 1983 and held that a state prisoner may not recover damages for constitutional violations that would render his conviction unlawful unless and until he demonstrated that his conviction had been reversed, invalidated, or called into question by the issuance of a writ of habeas corpus. *Id.* at 486-87; *see Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) ("*Heck* specifies that a prisoner cannot use § 1983 to obtain damages where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence.").

Here, success on plaintiff's unlawful arrest, false imprisonment, and prosecutorial misconduct claims would necessarily undermine plaintiff's conviction for felony hit and run with

Case No. 17-CV-04961 LHK (PR)
ORDER OF DISMISSAL

3

injury.

Plaintiff's claim of unlawful arrest contests the validity of plaintiff's arrest and conviction because plaintiff alleges that Officer Devincenzi was acting unlawfully and without probable cause when Officer Devincenzi arrested plaintiff. Because a finding that Officer Devincenzi lacked probable cause to arrest plaintiff would necessarily undermine the validity of plaintiff's criminal judgment, the unlawful arrest claim is barred. S*ee Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) ("There is no question that *Heck* bars [plaintiff]'s claims that defendants lacked probable cause to arrest him and brought unfounded charges against him. [Plaintiff] may challenge the validity of his arrest, prosecution and conviction only by writ of habeas corpus.").

It makes no difference here that plaintiff was arrested for assault with a deadly weapon – a charge for which he was ultimately acquitted – but convicted of hit and run with injury because success in this lawsuit would invalidate plaintiff's outstanding conviction. *See, e.g.*, *Fields v. City of Pittsburgh*, No. 17-1143, 2017 WL 4857457, at *2 (3d Cir. Oct. 26, 2017) (unpublished memorandum disposition) (concluding that false arrest claim was barred by *Heck*, and recognizing that even though plaintiff "pleaded to lesser offenses than he was originally charged with, his guilty plea inherently included an acknowledgement that probable cause existed to arrest him for some offense"); *Higgins v. City of Tulsa, Okla.*, No. 03-5193, 103 Fed. Appx. 648, 651 (10th Cir. 2004) (unpublished memorandum disposition) (affirming *Heck* bar for claims related to charge of which the plaintiff was not convicted, where a "reasonable reading" of the complaint implied the invalidity of his state convictions – the "gist" of the complaint was "that the pretrial and trial process was fraught with government misconduct" which led to his convictions and sentence); *Garber v. Barragan*, No. CV 07-7254-DDP (RNB), 2009 WL 1649071, at *6 (C.D. Cal. June 9, 2009) (finding claims that implicate the validity of the arrest and prosecution are barred by *Heck*, and "the fact that plaintiff may have been acquitted of the offense for which he initially was arrested (i.e., brandishing a weapon) is irrelevant since plaintiff was convicted of two other

Case No. 17-CV-04961 LHK (PR)
ORDER OF DISMISSAL

4

offenses arising out of the same incident (i.e., carrying a concealed weapon within a vehicle and carrying a loaded firearm in a public place)"), *aff'd by* No. 11-56217, 509 Fed. Appx. 667 (9th Cir. Feb. 19, 2013); *Baker v. City of Hollywood*, No. 08-60294, 2008 WL 2474665, at *6 (S.D. Fla. June 17, 2008) (holding that although the plaintiff's claim concerned charges on which he was acquitted, and that were separate from the offenses of which he was convicted, the plaintiff's allegations if true, "would impugn the constitutionality of the entire trial, and thus undermine his conviction"), *aff'd by* Nos. 08-14924, 08-15602, 391 Fed. Appx. 819 (11th Cir. Aug. 10, 2010) (per curiam) (unpublished memorandum disposition). Thus, the court finds that plaintiff's unlawful arrest claim is barred by *Heck*. *See Smithart*, 79 F.3d at 952 (*Heck* barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him).

Plaintiff's claim of false imprisonment arises from plaintiff's unlawful arrest allegation, and thus is also barred by *Heck*. *See, e.g.*, *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (recognizing that to prevail on a false imprisonment claim, a plaintiff must show a lack of probable cause and, a false imprisonment claim cannot accrue under *Heck* until any conviction based on that arrest has been invalidated). Finally, plaintiff's prosecutorial misconduct claim alleges that the prosecutor failed to timely produce discovery which would undermine plaintiff's conviction if plaintiff was successful in this civil rights lawsuit. Thus, the prosecutorial misconduct claim is barred by *Heck*. *See, e.g.*, *Trice v. Modesto City Police Dep't*, No. 1:08-cv-01891-AWI, 2009 WL 102712 (E.D. Cal. Jan.14, 2009) (holding that claim of fraudulent or fabricated evidence, prosecutorial misconduct, or violations of plaintiff's right to counsel are barred by *Heck*); *Harris v. State of California*, Civ. No. 07-1406 BTM, 2008 WL 595880, at *2-4 (S.D. Cal. March 3, 2008) (holding that allegations of prosecutorial conduct, "clear misconduct" by the judge, and other "grave unfairness" in criminal proceedings were barred by *Heck*).

Therefore, plaintiff may not pursue these claims unless and until he can show that his

Case No. 17-CV-04961 LHK (PR)
ORDER OF DISMISSAL

5

conviction has been invalidated. *Heck*, 512 U.S. at 486-87. Accordingly, the court dismisses without prejudice plaintiff's claims of unlawful arrest, prosecutorial misconduct, and false imprisonment because they are barred by *Heck*.

With respect to plaintiff's claim of malicious prosecution, the court finds that plaintiff has failed to state a cognizable claim. In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"[T]he general rule is that a claim of malicious prosecution is not cognizable under 42 U.S.C. § 1983 if process is available within the state judicial system to provide a remedy." *Usher v. City of L.A.*, 828 F.2d 556, 562 (9th Cir. 1987). "However, 'an exception exists to the general rule when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights.'" *Id.* (citations omitted). The Ninth Circuit "look[s] to California law" when analyzing Section 1983 claims for malicious prosecution "because [the Ninth Circuit] ha[s] incorporated the relevant elements of the common law tort of malicious prosecution into our analysis under § 1983." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004).

In California, "in order to establish a cause of action for malicious prosecution of either a criminal or civil proceeding, a plaintiff must demonstrate "that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor; (2) was brought without probable cause; and (3) was initiated with malice." *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal.3d 863, 871 (1989) (citations omitted). When

Case No. 17-CV-04961 LHK (PR)
ORDER OF DISMISSAL

6

analyzing the favorable termination element, California courts looks to "the judgment as a whole." *StaffPro, Inc. v. Elite Show Services*, 136 Cal. App. 4th 1392, 1403 (2006). The element of favorable termination in a malicious prosecution action is a legal question for the court to decide. *See id.* at 1398.

Here, although plaintiff was found not guilty of assault with a deadly weapon, his conviction in the same action for hit and run with injury is still outstanding. Considering the judgment as a whole, plaintiff cannot show that the prosecution was "pursued to a legal termination in plaintiff's favor." *See, e.g.*, *Cairns v. Cnty. of El Dorado*, No. 16-15102, 694 Fed. Appx. 534, 535 (9th Cir. July 19, 2017) (unpublished memorandum disposition) ("Because Kevin Cairns was convicted of disturbing the peace in the same action in which he was acquitted of four other offenses, he cannot demonstrate that he was successful in the entire criminal action. The malicious prosecution claim therefore fails as a matter of law.") (Emphasis in original; internal citations omitted.); *Rezek v. City of Tustin*, No. 15-55320, 684 Fed. Appx. 620, 621-22 (9th Cir. March 21, 2017) (unpublished memorandum disposition) (affirming dismissal of malicious prosecution claim because the plaintiff "was convicted of vandalism in the same action in which he was acquitted of resisting arrest," and thus could not demonstrate that the underlying trial was resolved in his favor in the context of the judgment as a whole). Thus, the claim of malicious prosecution fails as a matter of law and must be dismissed for failure to state a claim.

Accordingly, plaintiff's claim of malicious prosecution is DISMISSED for failure to state a claim. The dismissal is without prejudice to re-filing the claim in a new case when plaintiff can show that the prosecution was "pursued to a legal termination in plaintiff's favor."

**CONCLUSION**

Plaintiff's claims of unlawful arrest, prosecutorial misconduct, and false imprisonment are DISMISSED without prejudice under *Heck*. Plaintiff's claim of malicious prosecution is DISMISSED without prejudice for failing to state a claim. The clerk shall terminate all pending

Case No. 17-CV-04961 LHK (PR)
ORDER OF DISMISSAL

7

motions and close the file.

**IT IS SO ORDERED.**

DATED: 11/28/2017

*Lucy H. Koh*
LUCY H. KOH
UNITED STATES DISTRICT JUDGE